The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ENVIRONMENTAL ADVOCATES,

Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

Defendants.

Case No. 21-cv-1637-BJR

**ORDER GRANTING TACOMA AND KING COUNTY JOINT MOTION TO INTERVENE**

## I. INTRODUCTION

This matter comes before the Court on the unopposed joint motion to intervene by the City of Tacoma and King County (collectively, "Permittees"), Dkt. No. 29. Permittees move to intervene as defendants in this action as of right, and alternatively permissively, pursuant to Federal Rule of Civil Procedure 24. Having fully considered the materials and the relevant legal authorities, the Court grants Permittees' joint motion to intervene.

## II. BACKGROUND

In 2021, Northwest Environmental Advocates ("NEA") filed its complaint in this action. In 2022, after the parties filed several joint status reports indicating that they were progressing toward a settlement agreement, the Court administratively closed the case. On July 1, 2024, following

ORDER GRANTING TACOMA AND KING COUNTY JOINT MOTION TO INTERVENE

- 1

1  failed settlement negotiations, the Court granted a motion to reopen the case. A week later, NEA

2  filed an amended complaint, Dkt. No. 24, alleging a single count arising under the Clean Water Act

3  ("CWA") against the United States Environmental Protection Agency ("EPA"); Michael Regan,

4  Administrator of the EPA; and Casey Sixkiller, EPA Region 10 Regional Administrator

5  (collectively, "Defendants").

6  NEA alleges that the Washington Department of Ecology ("Ecology") has continually

7  issued National Pollutant Discharge Elimination System ("NPDES") permits to sewage treatment

8  plants in the Puget Sound area, even though the permits contain insufficient limits on the amount

9  of pollutants to be discharged into the Sound.[1] Amend. Compl. at ¶ 6. NEA asserts that the CWA

10 requires the EPA and Ecology to develop Total Maximum Daily Loads ("TDML") to limit

11 pollutants in the Puget Sound.[2] *Id.* at ¶¶ 8-9, 36, 75. NEA alleges that, rather than develop TDMLs,

12 Ecology has chosen to issue a "TDML alternative," which the EPA has approved in at least one

13 instance. *Id.* at ¶ 8. NEA asserts that the planned "TDML alternative" means that Ecology and the

14 EPA will not take the regulatory actions necessary to comply with the CWA. *Id.* at ¶¶ 9-10.

15 The City of Tacoma's wastewater utility operates two municipal wastewater treatment

16 plants within Tacoma that discharge into the Puget Sound. Joint Mot. to Intervene at 2. Those

17 treatment plants have NPDES permits. *Id.* King County operates five municipal domestic

---

[1] Under the Clean Water Act, the "discharge of any pollutant" from a "point source" into navigable waters of the United States is unlawful unless the discharge is made according to the terms of an NPDES permit obtained from either the EPA or from an authorized state agency. 33 U.S.C. §§ 1311(a), 1342; *see also Comm. to Save Mokelumne River v. E. Bay Mun. Util. Dist.*, 13 F.3d 305, 308 (9th Cir. 1993).

[2] A TMDL is the total daily loading of a pollutant for a particular waterbody or segment. *See* 40 C.F.R. § 130.2(i).

ORDER GRANTING TACOMA AND KING COUNTY JOINT MOTION TO INTERVENE

- 2

wastewater treatment plants, including four that discharge water into the Puget Sound pursuant to an NPDES permit. *Id.*

### III.   LEGAL STANDARD

Intervention as of right is governed by Rule 24(a)(2). When analyzing a motion to intervene as of right, courts apply a four-part test:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). On a motion to intervene, a district court must accept as true the nonconclusory allegations of the motion and proposed answer. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). The Ninth Circuit construes Rule 24(a) liberally in favor of potential intervenors. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

Where intervention as of right is unavailable, a party may still seek permissive intervention. Under Rule 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Rule also requires the court to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* R. 24(b)(3). As with Rule 24(a) intervention, the court should interpret the requirements broadly in favor of intervention. *United States v. Aerojet*, 606 F.3d 1142, 1148 (9th Cir. 2010).

ORDER GRANTING TACOMA AND KING COUNTY JOINT MOTION TO INTERVENE

- 3

## IV.    DISCUSSION

**A. Permittees Have Satisfied the Requirements to Intervene as of Right**

Permittees' unopposed motion satisfies the four-part test for intervention as of right. First, although NEA initiated this action in 2021, the litigation is at an early stage. *See Orange Cnty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986) (providing that, in determining whether a motion for intervention is timely, courts consider: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay"). Notably, Defendants did not file an answer until August 2024, no discovery has taken place, and no dispositive motions have been filed. Therefore, Permittees' intervention is unlikely to prejudice the other parties. *See id.*

Second, Permittees have a significant protectable interest in this action because it may affect the terms of their NPDES permits. *See Sierra Club v. United States EPA*, 995 F.2d 1478, 1482 (9th Cir. 1993) (concluding that, as an NPDES permit-holder, the City of Phoenix had the requisite protectable interest to intervene in an action brought pursuant to the CWA), *overruled in part on other grounds by Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Third, the *stare decisis* effect of the disposition of this action may constrain Permittees' ability to protect their interests in subsequent proceedings. *See id.* at 1486.

Finally, the interests of Permittees are clearly adverse to those of NEA and have the potential to diverge from those of Defendants. *See California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 778 (9th Cir. 1986) ("In determining adequacy of representation, we consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect."). It is unclear at

ORDER GRANTING TACOMA AND KING COUNTY JOINT MOTION TO INTERVENE
- 4

this stage in the proceedings whether Defendants will make all of Permittees' arguments. *See id.* However, Defendants, as a federal agency and administrators of that agency, must represent a broad public interest that may diverge from Permittees' narrower interests in "facility operations, affordability and associated permits." Joint Mot. to Intervene at 12; *see Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995), *overruled in part on other grounds by Wilderness Soc'y*, 630 F.3d 1173. Therefore, Permittees have met their minimal burden of demonstrating that representation of their interests by existing parties may be inadequate. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

Accordingly, Permittees have satisfied the requirements to intervene as of right.[3]

## V.   CONCLUSION

For the foregoing reasons,

1. Permittees' joint motion to intervene (Dkt. No. 29) is GRANTED; and

2. All parties are DIRECTED to adhere to the current case schedule (Dkt. No. 34) and provide a Combined Joint Proposed Case Plan consistent with that schedule.

DATED this 18th day of November 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[3] Because the Court agrees that Permittees may intervene as of right, the Court does not address Permittees' alternative argument for permissive intervention.

ORDER GRANTING TACOMA AND KING COUNTY JOINT MOTION TO INTERVENE

- 5