The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ENVIRONMENTAL ADVOCATES,

    Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

    Defendants,

CITY OF TACOMA, KING COUNTY,

    Defendant-Intervenors.

Case No. 2:21-cv-1637-BJR

**ORDER GRANTING MOTION TO CLARIFY SCOPE OF REVIEW**

## I.    INTRODUCTION

Before the Court is Plaintiff Northwest Environmental Advocates' ("NWEA") Motion to Clarify Scope of Review, Dkt. No. 38. NWEA asks this Court for an order holding that judicial review of NWEA's claim is not confined to the administrative record filed by the U.S. Environmental Protection Agency ("EPA"), and that the parties may rely on any admissible evidence in support of their summary judgment briefing. Having fully considered the materials and

ORDER GRANTING MOTION TO CLARIFY SCOPE OF REVIEW

- 1

relevant legal authorities, the Court grants NWEA's motion. The reasoning for the Court's decision follows.[1]

## II.     BACKGROUND

NWEA asserts a single claim for violations of the Clean Water Act ("CWA" or the "Act"), against the EPA and EPA administrators Michael Regan and Casey Sixkiller. Amended Compl., Dkt. No. 24. NWEA brings its claim pursuant to the "citizen suit" provision of the CWA, which empowers citizens to bring enforcement actions against any person, including a governmental agency, alleged to be in violation of federal water pollution standards. *See id.* ¶¶ 42-43; 33 U.S.C. § 1365(a). NWEA's claim arises from the EPA's alleged failure to limit the discharge of pollutants into the Puget Sound consistent with the Act. Amended Compl. ¶¶ 172-77.

The CWA requires states to identify a total maximum daily load ("TMDL") for contaminants that can safely be discharged into certain waterways. 33 U.S.C. § 1313(d)(1)(A). Upon submission of a TMDL to the EPA, the EPA must approve or disapprove it within thirty days; if the EPA disapproves the state's proposal, the EPA must act by promulgating its own TMDL within another thirty days. *Id.* § 1313(d)(2). NWEA alleges that the Washington Department of Ecology ("Ecology") submitted a TMDL to the EPA under the "constructive submission" doctrine. Amended Compl. ¶ 176. Under the constructive submission doctrine, a clear and unambiguous decision by a state to not submit a TMDL to the EPA will be construed as the constructive submission of no TMDL, "which in turn triggers [the] EPA's nondiscretionary duty to act." *San*

---

[1] Also pending before this Court is Plaintiff's Motion for Leave to File Response to Defendant's Surreply, Dkt. No. 49. In light of this Order, the Motion for Leave to File Response to Defendant's Surreply is DENIED as MOOT.

ORDER GRANTING MOTION TO CLARIFY SCOPE OF REVIEW

- 2

*Francisco BayKeeper v. Whitman*, 297 F.3d 877, 881 (9th Cir. 2002). NWEA alleges that, despite Ecology's constructive submission of no TMDL, the EPA failed to act. Amended Compl. ¶ 177.

### III.     DISCUSSION

The EPA has filed a compilation of documents in this action that the EPA describes as the administrative record. *See* Ntc. of Admin. Record Filing, Dkt. No. 27. The issue before the Court is whether the scope of review is limited to that record. The EPA argues that NWEA's claim is governed by the Administrative Procedure Act ("APA"), and therefore, the scope of review is limited to the administrative record filed by the EPA. Def.'s Resp. at 5-12, Dkt. No. 42; 5 U.S.C. §706. NWEA counters that the APA permits review of agency action only where there is "no other adequate remedy in a court." 5 U.S.C. § 704; Pl.'s Mot. at 9-10, Dkt. No. 38. NWEA asserts—and this Court agrees—that the CWA's citizen suit provision provides an adequate remedy in court. Pl.'s Mot. at 9-10; 33 U.S.C. § 1365(a); *cf. Washington Toxics Coal. v. EPA*, 413 F.3d 1024, 1034 (9th Cir. 2005) (holding that the Endangered Species Act's ("ESA") citizen suit provision provides an "adequate remedy in a court" because the statute independently authorizes a private right of action), *abrogated on other grounds as recognized in Cottonwood Env't L. Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1089 (9th Cir. 2015). However, the EPA contends that this is not where the Court's inquiry should end. The EPA argues that this Court should still apply the APA's record review limitations because the CWA's citizen suit provision does not specify a standard of review of its implementation. Def.'s Resp. at 5. The Court is unpersuaded.

To be sure, where a statutory cause of action against the government does not itself specify a standard of review of its implementation, various courts, including the U.S. Supreme Court and Ninth Circuit, have applied the APA to limit the scope of review to the administrative record. *See United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963) (collecting cases); *Oregon Nat.*

ORDER GRANTING MOTION TO CLARIFY SCOPE OF REVIEW
- 3

*Res. Council v. Allen*, 476 F.3d 1031, 1036 (9th Cir. 2007). It is also true that some courts have chosen to apply the APA's record review limitations in actions brought pursuant to the citizen suit provisions of the CWA and ESA, given those statutes' failure to specify a standard of review for citizen suit actions. *See, e.g.*, *Sierra Club v. McLerran*, No. C11-1759, 2012 WL 5449681, at *2 (W.D. Wash. Nov. 6, 2012) (addressing scope of review in CWA citizen suit action); *Seattle Audubon Soc'y v. Norton*, No. C05-1835L, 2006 WL 1518895, at *2 (W.D. Wash. May 25, 2006) (addressing scope of review in ESA citizen suit action). But the Ninth Circuit has recognized that whether to limit the scope of review to the administrative record in such cases is ultimately a matter of the district court's discretion. *San Francisco BayKeeper*, 297 F.3d at 886; *see also Seattle Audubon*, 2006 WL 1518895, at *2 ("Ultimately, however, the scope of the record to be admitted for an ESA citizen suit is a question of the district court's discretion . . . ."). And this Court is not convinced that the scope of review should be limited to the administrative record here.

Notably, even in cases where courts have exercised discretion to apply APA limitations on the scope of review, courts have found supplementation of the record to be appropriate under an exception to APA record review limitations for cases alleging agency inaction. *See Sierra Club*, 2012 WL 5449681, at *3 (acknowledging that this Court and the Ninth Circuit have permitted supplementation of the record in cases alleging agency inaction because "[a] reviewing court is necessarily limited in its ability to review the record when an agency has neither developed one nor taken final agency action"); *Seattle Audubon*, 2006 WL 1518895, at *3 ("[W]here plaintiff complains of a failure to act, there is a greater chance that some extraneous piece of information might be necessary to shed light on the agency's inaction-there simply are more holes in the administrative record for the parties to identify and plug."). Accordingly, this Court concludes that

ORDER GRANTING MOTION TO CLARIFY SCOPE OF REVIEW

- 4

the scope of review in this case, which alleges agency inaction, is not limited to the administrative record.

### IV. CONCLUSION

For the foregoing reasons, NWEA's Motion to Clarify Scope of Review (Dkt. No. 38) is GRANTED. Judicial review of NWEA's claim is not confined to the administrative record The parties may rely on any admissible evidence in support of their summary judgment briefing.[2]

DATED this 28th day of April 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] This Court recognizes the EPA's concerns regarding the "dangers" of deferring consideration of any extra-record evidence until the summary judgment stage, but the Court nevertheless concludes that waiting until summary judgment briefing is complete to address any arguments regarding the relevance of extra-record evidence is in the interest of judicial efficiency. Should the EPA require additional time to respond to NWEA's summary judgment briefing due to NWEA's reliance on extra-record materials, the EPA may move for an extension of time to file a response. This Court further notes that, in relying on extra-record evidence, the parties should consider the limited resources of the Court, the existing record, and the evidentiary needs of the case.

ORDER GRANTING MOTION TO CLARIFY SCOPE OF REVIEW

- 5